**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

**JESSE HARDY SWINSON, III,**
                              **Petitioner,**

**v.**                                                          **Case No. 14-cv-0774**

**TIM HAINES, Warden,**
**Prairie du Chien Correctional Institution,**
                              **Respondent.**

_____

## DECISION AND ORDER

Jesse Swinson, proceeding pro se, filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254. On February 17, 1995, petitioner was convicted of three counts of theft-false representation under Wis. Stat. § 943.20(1)(d), and on August 6, 1999, petitioner was convicted of bail jumping under Wis. Stat. § 946.49(1)(b). Petitioner was sentenced to a total of 29 years in prison and is currently incarcerated at Prairie du Chien Correctional Institution. Before me now is respondent's motion to dismiss.

Respondent argues that I should dismiss this habeas petitioner because it is second and successive to a federal habeas petition currently pending in case number 14-CV-0484 (E.D. Wis.) before Chief Judge Griesbach, or in the alternative, that I should consolidate the cases. The Antiterrorism and Effective Death Penalty Act of 1996 requires me to dismiss "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1). A petition is not considered second or successive if petitioner did not have an opportunity to challenge the state's conduct in the prior habeas petition. *Magwood v. Patterson*, 561 U.S. 320, 346 (2010) (listing, as an example, a situation "where the alleged violation occurred

only after the denial of the first petition); *United States v. Obeid*, 707 F.3d 898, 902–03 (7th

Cir. 2013). However, a habeas petition must specify *all* the grounds for relief available to

the petitioner at that time. Rules Governing § 2254 Cases 2(c)(1); *McFarland v. Scott*, 512

U.S. 849, 860 (1994) (O'Connor, J., concurring in part) (stating that a petition must

"adequately set forth all of the state prisoner's colorable grounds for relief").

At the time petitioner filed this habeas petition, he already had a pending federal

habeas petition. Rather than filing a second petition, the proper procedure would have

been to bring all of his claims together in one petition or, if his new claims were unavailable

at the time of filing, to amend the pending habeas petition. *See* 2 Randy Hertz & James

S. Liebman*, Federal Habeas Corpus Practice and Procedure* § 28.1 (6th ed. 2011) ("If

claims become available after the habeas corpus petition is filed, the petitioner generally

should amend the new claims into the petition." (collecting cases)).

However, I conclude that consolidation is more appropriate than outright dismissal.[1]

The petition filed in this case asserts nearly identical claims and facts as the petition filed

in case 14-CV-0484. The only difference petitioner alleges is that the two petitions are

based on different denials of parole or earned release. Thus, the petitions appear to

involve a common question of law or fact, making consolidation appropriate. *See* Fed. R.

Civ. P. 42(a). Additionally, given petitioner's pro se status, consolidation allows him to

proceed with his habeas claims without prejudicing either party while at the same time

avoiding abuse of the writ. *Higgason v. Clark*, 984 F.2d 203, 205 (7th Cir. 1993)

("[C]hanneling all arguments into a single collateral attack is the principal role of the

---

[1] In fact, Chief Judge Griesbach has already consolidated a third habeas petition
filed by petitioner with case 14-CV-0484.

doctrine treating successive petitions as abuses of the writ."); *see also Turner v. Farley*, No. 93-3821, slip op. at 1 (7th Cir. Apr. 28, 1995) (concluding that the district court "properly consolidated the two habeas corpus cases" where the two petitions challenged the same sentence).

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **CONSOLIDATED** with Case No. 14-CV-0484, currently pending before Chief Judge William Griesbach in the Eastern District of Wisconsin, with Case No. 14-CV-0484 being the lead case.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge